UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JEREMIAH SULLIVAN, in his fiduciary capacity as a
Trustee for the POINTERS, CLEANERS & CAULKERS
WELFARE, PENSION & ANNUITY FUNDS, the
BRICKLAYERS JOINT APPRENTICE TRAINING
FUND, the LABOR MANAGEMENT FUND, and the
PROMOTION FUND; and as President of the
BRICKLAYERS AND ALLIED CRAFTWORKERS
LOCAL UNION NO. 1, B.A.C.I.U., AFL-CIO; and the
TRUSTEES of the BRICKLAYERS AND TROWEL
TRADES INTERNATIONAL PENSION FUND and the
INTERNATIONAL MASONRY INSTITUTE,

**MEMORANDUM & ORDER**

**14-CV-1846 (NGG) (VVP)**

Plaintiffs,

-against-

M.A.C. DESIGN CORP., ALI SYED, and
JOHN and/or JANE DOE FIDUCIARY,

Defendants.
------------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiffs—Jeremiah Sullivan, in his fiduciary capacity as a Trustee of the Pointers, Cleaners & Caulkers Welfare, Pension and Annity Funds, the Bricklayers Joint Apprentice Training Fund, the Labor Management Fund, and the Promotion Fund, and as President of the Bricklayers and Allied Craftworkers Local Union No. 1, B.A.C.I.U., AFL-CIO; and the Trustees of the Bricklayers and Trowel Trades International Pension Fund and the International Masonry Institute—commenced this action on March 21, 2014, alleging violations by Defendants M.A.C. Design Corp. ("MAC") and Ali Syed ("Syed") of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001, et seq., and the Labor Management Relations Act ("LMRA"), 29 U.S.C. §§ 141, et seq. (Compl. ¶ 1 (Dkt. 1).) Plaintiffs also raise a conversion claim under state common law against Syed. (Id. ¶¶ 1, 97-104.)

1

After Defendants MAC and Syed failed to answer or otherwise respond to the Complaint, Plaintiffs moved for default judgment on August 19, 2014. (Mot. for Default J. (Dkt. 9).) On September 3, 2014, the court referred this motion to Magistrate Judge Viktor V. Pohorelsky for a Report and Recommendation ("R&R") pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b)(1). (Sept. 3, 2014, Order (Dkt. 15).) Defendants, who were served with the motion for default judgment (see Cert. of Service (Dkt. 17)), did not file an opposition. On April 28, 2015, Judge Pohorelsky issued his R&R recommending that Plaintiffs' application for a default judgment be granted and that Plaintiffs be awarded: (1) unpaid contributions in the amount of $7,458.54 against MAC; (2) interest on the unpaid contributions in the amount of $3,431.04 through April 15, 2015, plus $2.03 per day thereafter to the date of judgment against MAC; (3) liquidated damages in the amount of $3,431.04 through April 15, 2015, plus $2.03 per day thereafter to the date of judgment against MAC; (4) unpaid dues and assessment in the amount of $671.88 jointly and severally against MAC and Syed; (5) interest on the unpaid dues and assessment in the amount of $275.42 through April 15, 2015, plus $0.17 per day thereafter to the date of judgment jointly and severally against MAC and Syed; (6) audit costs in the amount of $2,240.00 against MAC; and (7) attorneys' fees and costs in the amount of $10,916.00 against MAC. (R&R (Dkt. 18) at 25-26.)

Plaintiffs filed an objection to the R&R on May 11, 2015, specifically objecting to the recommendation that Syed not be held individually liable as a fiduciary. (Pls.' Obj. (Dkt. 20).) Although served with a copy of the R&R and Plaintiffs' Objection (see Certs. of Service (Dkts. 19, 21)), Defendants filed neither an objection to the R&R nor a response to Plaintiffs' Objection. For the reasons discussed below, the court adopts Judge Pohorelsky's R&R as it pertains to the damages assessed against MAC for ERISA and LMRA violations, and as it

pertains to Syed for conversion with respect to the unpaid dues and assessments. In addition, the court finds, contrary to Judge Pohorelsky's recommendation, that Syed should also be held individually liable for unpaid contributions as an ERISA fiduciary.

## I. STANDARD OF REVIEW

In reviewing the R&R of a dispositive matter from a magistrate judge, the district court "may adopt those portions of the Report to which no objections have been made and which are not facially erroneous." La Torres v. Walker, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000); see also Gesualdi v. Mack Excavation & Trailer Serv., Inc., No. 09-CV-2502 (KAM) (JO), 2010 WL 985294, at *1 (E.D.N.Y. Mar. 15, 2010) ("Where no objection to the Report and Recommendation has been filed, the district court need only satisfy itself that there is no clear error on the face of the record." (internal quotation marks and citation omitted)). The district court must review de novo "those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). To obtain this de novo review, an objecting party "must point out the specific portions of the report and recommendation to which [that party] object[s]." U.S. Flour Corp. v. Certified Bakery, Inc., No. 10-CV-2522 (JS) (WDW), 2012 WL 728227, at *2 (E.D.N.Y. Mar. 6, 2012); see also Fed. R. Civ. P. 72(b)(2) ("[A] party may serve and file specific written objections to the [R&R]." (emphasis added)). If a party "makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008); see also Mario v. P&C Food Mkts., Inc., 313 F.3d 758, 766 (2d Cir. 2002) (holding that plaintiff's objection to an R&R was "not specific enough" to "constitute an adequate objection under . . . Fed. R. Civ. P. 72(b)").

## II. DISCUSSION

Judge Pohorelsky's R&R recommended that Syed could not be held individually liable under ERISA for two reasons: First, the language of the relevant agreements[1] imposed fiduciary status solely on MAC, as an employer, and not on Syed in an individual capacity (R&R at 12-13); and second, irrespective of his first ground for denial, the language of the agreements was insufficient to designate the unpaid contributions as "plan assets," (id. at 13-16), a necessary condition precedent to a finding of individual fiduciary liability under ERISA.

Plaintiffs object to Judge Pohorelsky's R&R, arguing that under the relevant agreements and ERISA, Syed can and should be held individually liable as a fiduciary responsible for the missing remittances that MAC was obligated to make to the employee benefit fund.[2]

Turning initially to Judge Pohorelsky's second ground for declining to find fiduciary liability, the court finds that the language of the agreements was in fact sufficient to designate the unpaid employer contributions as plan assets. ERISA expressly authorizes civil actions against plan fiduciaries in their personal capacity for breaches of their fiduciary duties with respect to plan asset management. See 29 U.S.C. §§ 1109(a), 1132(a)(2); Finkel v. Romanowicz, 577 F.3d 79, 82 n.4 (2d Cir. 2009). ERISA defines fiduciaries as persons who "exercise[] any discretionary authority or discretionary control respecting management of such plan or exercise any authority or control respecting management or disposition of its assets . . . ." 29 U.S.C. § 1002(21)(A). In order for Syed to be held liable as a fiduciary, Plaintiffs must establish "both that (1) the unpaid contributions were plan assets and (2) [Syed] exercised a level of

---

[1] The agreements relevant to the instant case are the Pointers, Cleaners and Caulkers Agreement and Declarations of Trust for the Welfare Fund, Pension Fund, and Annuity Fund; the Bricklayers and Trowel Trades International Pension Fund Agreement and Declaration of Trust; and the Pointers, Cleaners and Caulkers Collective Bargaining Agreement. (See Compl. ¶¶ 23, 55.)

[2] The court finds this objection sufficiently specific to justify de novo review. See U.S. Flour Corp., 2012 WL 728227, at *2 (E.D.N.Y. Mar. 6, 2012); see also Fed. R. Civ. P. 72(b)(2) ("[A] party may serve and file specific written objections to the [R&R].")

4

control over those assets sufficient to make him a fiduciary." In re Halpin, 566 F.3d 286, 289 (2d Cir. 2009); see also Sullivan v. United Constr. Field, Inc., No. 12-CV-682 (ENV) (VVP), 2015 WL 4040417, at *2 (E.D.N.Y. June 30, 2015).

To determine if Syed is an ERISA fiduciary, the first question is whether MAC's unpaid contributions constitute "plan assets." In re Halpin, 566 F.3d at 287. ERISA itself does not define "assets," and in general, amounts due and owing to the fund from the employer (such as those at issue here) are not considered assets of the plan.[3] Id. at 289-90. However, the Second Circuit in In re Halpin emphasized that parties to an agreement are free to contractually define unpaid contributions otherwise, and that such a contract would trump the default rule. See id. at 287 ("In the absence of provisions to the contrary in the relevant plan documents, unpaid contributions are not assets of the plan."); see also Sheet Metal Workers' Nat'l Pension Fund v. AUL Sheet Metal Works Inc., No. 10-CV-1371 (KBF), 2012 WL 32237, at *4 (S.D.N.Y. Jan. 5, 2012) (noting that "the Second Circuit . . . is clear" that its general rule "only appl[ies] in the absence of a specific control provision to the contrary.")

The agreements at issue in the instant case state in pertinent part:

> All contributions required from an Employer shall, after their due date and until their payment over in full by the Employer to the Trust fund, be deemed to constitute a trust fund in the possession of such Employer; and said Employer shall be responsible and liable therefore as a fiduciary.

(Pointers, Cleaners and Caulkers Agreement and Declarations of Trust for the Welfare Fund, Pension Fund, and Annuity Fund ("PCC Trust Agreements") (Aff. of Jeremiah Sullivan in

---

[3] In re Halpin draws a distinction between unpaid employee and unpaid employer contributions. Unpaid employee contributions, such as amounts withheld from an employee's paycheck by the employer, are considered plan assets "as of the earliest date on which such contributions or repayments can reasonably be segregated from the employer's general assets." 29 C.F.R. § 2510.3-102; see also In re Halpin, 566 F.3d at 289. For contributions due and owing from employers, no such regulatory definition exists, so the In re Halpin court followed agency guidance directing them to apply ordinary notions of property law—leading to their conclusion that such contributions are generally not plan assets. See In re Halpin, 566 F.3d at 289.

5

Support of Pls. Mot. for a Default J. against Defs. M.A.C. Design and Ali Syed ("Sullivan Aff.") (Dkt. 10), Ex. D (Dkt. 10-4)) Art. III, § 3; see also Compl. ¶ 57.) The PCC Trust Agreements also state that "assets of the Trust Fund shall not revert to or be used for or inure to the benefit of any of the Employers." (PCC Trust Agreements, Art. II, § 2; see also Compl. ¶ 56). Finally, the Bricklayers and Trowel Trades International Pension Fund Agreement and Declaration of Trust ("IPF Trust Agreement") states that "[t]itle to all monies into and/or due and owing the Trust Fund shall be vested in and remain exclusively in the Trustees of the Fund." (Sullivan Aff. ¶ 12) (emphasis added). Notably, courts in this circuit have found agreements featuring the exact same language sufficient to render unpaid employer contributions "plan assets" under In re Halpin. See, e.g. United Constr. Field, 2015 WL 4040417, at *3; Bd. of Trs. of Pointers, Cleaners & Caulkers Annuity Fund, Pension Fund & Welfare Fund v. Harbor Island Contracting, Inc., No. 13-CV-6075 (MKB), 2015 WL 1245963, at *3 (E.D.N.Y. Mar. 16, 2015) (adopting report and recommendation); Sullivan v. Marble Unique Corp., No. 10-CV 3582 (NGG) (LB), 2011 WL 5401987, at *10 (E.D.N.Y. Aug. 30, 2011) (report and recommendation), adopted, 2011 WL 5402898 (E.D.N.Y. Nov. 4, 2011). Accordingly, the plain language of the agreements is sufficient to create an exception to the general rule of In re Halpin and render the unpaid contributions at issue here "plan assets." The court's decision is bolstered by Judge Vitaliano's recent rejection of a materially similar R&R, and his finding of individual fiduciary liability, in a factual scenario extremely similar to the instant case. See United Constr. Field, 2015 WL 4040417, at *1. Accordingly, the court finds that the assets at issue here are plan assets under ERISA.

Turning to the second prong of the In re Halpin test, the next question is whether Syed exercised a sufficient level of control over the unpaid contributions—contractually designated as

6

"plan assets"—to gain fiduciary status. In re Halpin, 566 F.3d at 289. The definition of a "fiduciary" under ERISA is "to be broadly construed." Evans, 2014 WL 2600095, at *5 (quoting LoPresti v. Terwilliger, 126 F.3d 34, 40 (2d Cir. 1997)); accord Finkel, 577 F.3d at 86. Fiduciary status derives from an individual's actions in connection with an employee benefits plan, and not merely from the position he holds within a company. See Terwilliger, 126 F.3d at 40 (characterizing the definition as "functional"). Indeed, "'an entity need not have absolute discretion with respect to a benefit plan in order to be considered a fiduciary.'" NYSA-ILA Med. & Clinical Servs. Fund v. Catucci, 60 F. Supp. 2d 194, 201 (S.D.N.Y. Jun. 30, 1999) (quoting United States v. Glick, 142 F.3d 520, 527 (2d Cir. 1998)). Thus, "[i]n determining whether an individual is personally liable as a fiduciary, courts analyze how much control the individual exercised over [plan] assets. In making this determination, courts look to several factors, 'most significantly, whether a defendant was responsible for authorizing and making payments to an employee benefits plan.'" Trs. of Sheet Metal Workers Int'l Assoc. Local No. 38 Vacation Fund v. Katonah Roofing, Inc., Nos. 10-CV-1619 (VB), 11-CV-8185 (VB), 2011 WL 9010113, at *6 (S.D.N.Y. Sept. 4, 2011) (quoting Trs. of the Plumbers Local Union No. 1 Welfare Fund, Additional Sec. Benefit Fund, Vacation & Holiday Fund, Trade Educ. Fund and 401(k) Sav. Plan v. Philip Gen. Constr., Inc., 2007 WL 3124612, at *5 (E.D.N.Y. Oct. 23, 2007)). See also Harbor Island, 2015 WL 1245963, at *3 (report and recommendation) (individual defendant liable when he had managerial discretion as to whether and when employer would pay contributions to fund); Trs. of the Plumbers Local Union No. 1 Welfare Fund v. Manhattan Plumbing Corp., No. 08-CV-3036 (FB) (RML), 2010 WL 456870, at *2 (E.D.N.Y. Feb. 3, 2010) (individual defendant liable based on his "operational control" of employer, which he utilized to cause the company to use unpaid contributions for purposes other than paying the

fund); see also Katonah Roofing, 2011 WL 9010113, at *6 (finding individual fiduciary liability for defendant who was owner of company and made all business decisions, including whether to make contributions due to employee benefit fund).

According to the well-pleaded allegations of the Complaint, which are accepted as true in connection with Plaintiffs' motion for default judgment, see, e.g. Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992), cert. denied, 506 U.S. 1080 (1993), Syed is an officer of MAC and is the sole officer of that employer to be named as a signatory to the Pointers, Cleaners and Caulkers Collective Bargaining Agreement ("the CBA") with the union. (Compl. ¶¶ 15, 23). Syed executed the money orders on behalf of MAC made out to the funds. (Compl. ¶ 58). He exercised authority or control concerning the management or disposition of plan assets but failed to pay those contributions. (Compl. ¶¶ 17, 58-59). In addition, the R&R made findings further establishing Syed's status as a fiduciary: "[t]he court also accepts as true that under the CBA, Syed . . . exercised dominion and control over the submission of payments of contributions to the Funds, as well as dues and assessments to the Union . . . ." (R&R at 5 (citing Compl. ¶¶ 58, 62).) Syed also "signed money orders on behalf of MAC which should have been submitted to the Funds for contributions, but he failed to remit the contributions . . . . [as well as] union dues and assessments owed to the Union." (R&R 5-6 (citing Compl. ¶¶ 58-59, 61-65, 94, 98-102).) These allegations, taken as true, are sufficient to establish Syed's personal liability as a fiduciary under ERISA and render him liable for the unpaid fund contributions.

Finally, the court rejects Judge Pohorelsky's alternative basis for finding that Syed is not a fiduciary (namely, that the language of the agreements expressly termed "the Employer" a fiduciary, thereby barring Syed—who was not so designated—from being one as well (R&R

at 12-13)).) It is important to note that ERISA specifically permits a finding of liability against individuals acting in a fiduciary capacity, and not merely against employers. See 29 U.S.C. § 1109(a) ("Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach . . . ." (emphasis added)). Therefore, the fact that Syed is not expressly labeled a "plan fiduciary" in the agreements is non-dispositive to the question of his fiduciary status, because ERISA itself provides that those who control plan assets are fiduciaries.[4] Moreover, holding otherwise would defeat the purposes of the sections of ERISA applying fiduciary status—and associated liability—to certain officers of an employer. See United States v. Panepinto, 818 F. Supp. 48, 51 (E.D.N.Y. 1993) (describing the individual fiduciary section of ERISA a "central feature" of the Act, which was enacted by Congress "in order to preserve the pension and welfare benefit assets of employees [after] recognizing the potential for fraud where employers act as intermediaries between employees and welfare benefit funds"), aff'd, 28 F.3d 103 (2d Cir. 1994) (table decision). See also Leddy v. Standard Drywall, Inc., 875 F.2d 383, 388 (2d Cir. 1989) ("Shielding from liability a controlling corporate official who . . . deliberately flouts ERISA obligations . . . would surely defeat [ERISA's legislative purposes].") Thus, Syed may be liable as a fiduciary under ERISA, so long as the dual-pronged In re Halpin test is satisfied, as it is in this case.

---

[4] Even if fiduciary status under ERISA were only ascribed to entities expressly designated as such in the agreements (in this instance, the "Employer," MAC), Syed may still be a fiduciary. Syed affixed his signature to Article XXXIII of the Pointers, Cleaners and Caulkers Collective Bargaining Agreement, which states, "The person signing on behalf of the Employer . . . agrees to be personally bound by and to assume all obligations of the Employer provided for in the Agreement." (See Sullivan Aff. Ex. A (Dkt. 10-1) at Art. XXXIII.) However, because individuals, and not merely employers, can be fiduciaries under ERISA, this point is immaterial to the resolution of this claim.

All other findings made in Judge Pohorelsky's R&R have been reviewed for clear error, and this court, after finding none, adopts those portions in full.

### III. CONCLUSION

For the reasons discussed above, the court ADOPTS IN PART the R&R. The court adopts in full the R&R as it sets forth MAC's liability for ERISA violations and assesses resultant damages. The court also adopts the R&R's recommendations assessing damages regarding Plaintiffs' LMRA and conversion claims against MAC and Syed, respectively. However, the court modifies Judge Pohorelsky's R&R regarding Syed's individual fiduciary liability under ERISA, finding that the conditions necessary for such liability to attach are in fact satisfied. The court therefore awards Plaintiffs damages against MAC and Syed jointly and severally as follows:

1. Unpaid contributions in the amount of $7,458.54 jointly and severally against both MAC and Syed;

2. Interest on the unpaid contributions in the amount of $3,431.04 through April 15, 2015, plus $2.03 per day thereafter to the date of judgment jointly and severally against both MAC and Syed;

3. Liquidated damages on the unpaid contributions in the amount of $3,431.04 through April 15, 2015, plus $2.03 per day thereafter to the date of judgment jointly and severally against both MAC and Syed;

4. Unpaid dues and assessment in the amount of $671.88 jointly and severally against both MAC and Syed;

5. Interest on the unpaid dues and assessment in the amount of $275.42 through April 15, 2015, plus $2.03 per day thereafter to the date of judgment jointly and severally against both MAC and Syed;

6. Audit costs in the amount of $2,240.00 jointly and severally against both MAC and Syed;

7. Attorneys' fees and costs in the amount of $10,916.00 jointly and severally against both MAC and Syed.

The Clerk of Court is respectfully directed to enter Judgment against MAC and Syed in the above amounts and to close this case.

SO ORDERED.

Dated: Brooklyn, New York
September 14, 2015

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge